FILED
JAMES BONINI
CLERK

2010 MAR 16 P 3: 39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TattleTale Portable Alarm Systems, Inc.<br>6269 Frost Road<br>Westerville, Ohio 43082,<br><br>    Plaintiff,<br><br>v.<br><br>Calfee, Halter & Griswold LLP<br>c/o Robert A. Ross, Statutory Agent<br>1400 McDonald Investment Center<br>800 Superior Avenue<br>Cleveland, Ohio 44114<br><br>    and<br><br>Thomas E. O'Connor, Jr., Esq.<br>Calfee, Halter & Griswold LLP<br>1100 Fifth Third Center<br>21 East State Street<br>Columbus, Ohio 43215<br><br>    and<br><br>Joan N. Drew, Esq.<br>Calfee, Halter & Griswold LLP<br>1100 Fifth Third Center<br>21 East State Street<br>Columbus, Ohio 43215<br><br>    and<br><br>Robert R. Lech, Esq.<br>88 East Broad Street<br>Suite 900<br>Columbus, Ohio 43215<br><br>    and<br><br>The Griffith Law Firm, P.C.<br>991C Lomas Santa Fe Drive<br>Solana Beach, California 92075 | Case No. 2:10 cv 226<br><br>Judge  JUDGE SARGUS<br><br>Magistrate Judge<br>MAGISTRATE JUDGE KEMP<br><br>JURY DEMAND<br>ENDORSED HEREON |

|  |  |
|---|---|
| and | : |
|  | : |
| **Lisa Michelle Griffith, Esq.** | : |
| **The Griffith Law Firm, P.C.** | : |
| **991C Lomas Santa Fe Drive** | : |
| **Solana Beach, California 92075** | : |
|  | : |
| and | : |
|  | : |
| **John and/or Jane Doe** | : |
| **Calfee, Halter & Griswold LLP** | : |
| **1100 Fifth Third Center** | : |
| **21 East State Street** | : |
| **Columbus, Ohio 43215,** | : |
|  | : |
| **Defendants.** | : |

## COMPLAINT

This legal malpractice action results from defendants' failure to make sure TattleTale paid a simple maintenance fee before the expiration of a crucial three-year time period resulting in plaintiff's loss of an important patent. Defendants' conduct violated the standard of care as patent counsel for the company, costing the company millions of dollars in damages. This matter was originally filed in state court. Defendants, however, claimed that the case was required to be adjudicated in Federal Court because of federal question jurisdiction. The Trial Court agreed and the Tenth District Court of Appeals upheld the Trial Court's decision on March 26, 2009. Plaintiff is refiling this matter in the Southern District of Ohio pursuant to the State Court decisions.

## THE PARTIES

1. TattleTale Portable Alarm Systems, Inc. (hereinafter "TattleTale"), is an Ohio corporation headquartered in Central Ohio. TattleTale is the world's only manufacturer of wireless portable alarm systems. TattleTale has taken extraordinary steps at enormous expense

- 2 -

to obtain six patents protecting its unique technology, including the lost patent which is the subject of this lawsuit.

2. Defendant, Calfee, Halter & Griswold LLP (hereinafter "Calfee"), is a law firm that conducts substantial business in Franklin County, Ohio. TattleTale hired Calfee in the Spring of 2004 to resolve an outstanding maintenance fee problem on one of its other patents and to review all of its patents to make sure there were no further problems with the patents. Defendant Calfee was TattleTale's patent counsel in December, 2004 when the critical three-year time period lapsed.

3. Defendants Thomas O'Conner, Robert Lech and Joan Drew were each partners, employees and/or agents of Calfee in the firm's Columbus offices from May, 2004 through September 6, 2005, when Calfee served as TattleTale's patent counsel. Each of the aforementioned defendants had responsibility for providing legal advice concerning plaintiff's six patents. Each of the individual defendants was acting within the scope of his or her partnership, employment and/or agency with Calfee at all times relevant hereto.

4. Defendant, the Griffith Law Firm, P.C. (hereinafter "Griffith"), is a California law firm which conducted business in Ohio in 2003 and 2004. In particular, Griffith was hired by TattleTale to evaluate, prosecute and protect the company's patents. Griffith was the company's patent counsel for approximately one year during the crucial three-year period and Griffith failed to advise plaintiff of the outstanding maintenance fee which has caused TattleTale to lose one of its crucial patents.

5. Defendant, Lisa Griffith, is a California lawyer and the owner and founder of The Griffith Law Firm. Lisa Griffith and Griffith are collectively referred to herein as "the Griffith defendants." At times relevant hereto, defendant Lisa Griffith was employed by and an

agent of another California law firm known as Brobeck, Phleger & Harrison LLP which is now defunct.

6. The John and Jane Doe defendants are any personnel at Calfee who had responsibility for reviewing, evaluating and/or docketing important deadlines with respect to TattleTale's patent files. Defendants Calfee, O'Connor, Drew, Lech and John and Jane Doe are collectively referred to herein as "the Calfee defendants."

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to this Court's federal question jurisdiction and because the Calfee defendants reside in Franklin County, Ohio, and some of the acts or omissions giving rise to this lawsuit occurred in Franklin County, Ohio. Jurisdiction is further proper over defendants because they conducted business with TattleTale in Ohio, they provided legal advice to TattleTale in Ohio, they directed their contacts and communications in connection with TattleTale to the State of Ohio, they understood their legal advice pertained to TattleTale's Ohio business, and they understood that any malpractice action would likely be prosecuted in Ohio. Venue is proper in this Court because some of the defendants reside in the Southern District of Ohio and acts giving rise to the legal malpractice occurred in the Southern District of Ohio.

## FACTUAL ALLEGATIONS

### TattleTale and the 180 Patent

8. TattleTale has been conducting business as the world's only wireless, portable alarm system since the mid 1990s. TattleTale has worked tirelessly to protect its technology by filing and prosecuting six patents protecting its technology and the products it manufactures and sells. TattleTale's alarm systems are sold both commercially and to homeowners.

- 4 -

9. TattleTale's unique alarm system operates without any wires or telephone lines. The alarm unit is portable and will detect intruders even if the system is removed or an attempt is made to destroy it. Unlike ordinary home alarm systems in which an intruder can defeat the alarm simply by severing the telephone lines prior to entering the home, there is literally no act that can defeat the TattleTale alarm system.

10. TattleTale has been granted six proprietary patents on its system including what is known as "the 180 Patent." The 180 Patent protects TattleTale's system of the alarm message being sent through technology known as cellemetry which is similar to the technology possessed by a cell phone.

11. The 180 Patent was granted by the United States Patent and Trademark Office (hereinafter referred to as "the PTO") in 1998. In order to retain ownership of a patent, a patent owner is required to pay maintenance fees in a nominal amount. The maintenance fee for the 180 Patent was $600.

12. The schedule for the payment of maintenance fees is well known to any lawyer admitted to practice before the Patent Bar of the United States of America. The first maintenance fee is due during the period between three years and three and one-half years after the patent issues. In this case, the maintenance fee was due in the period between June and December, 2001.

13. In the event the maintenance fee is not paid in the six month window referred to above, the patent owner can pay a surcharge anytime during the ensuing year and automatically revive its ownership in the patent. In the event the maintenance fee is not paid during this one year timeframe, the patent owner then has two years to pay the fee upon a demonstration that the failure to pay the fee was unintentional. In the event the maintenance fee is not paid in the three year period after it is due, the patent owner must demonstrate that the

failure to pay the fee was unavoidable. This is a nearly impossible standard to establish in order to revive the patent.

14. In this case, the maintenance fee was initially due between June and December, 2001. TattleTale then had until December, 2002 to pay a minimal surcharge to obtain reinstatement and until December, 2004 to apply to the PTO for near automatic reinstatement due to an unintentional failure to pay the maintenance fee.

**Defendants' Legal Malpractice**

15. In early 2003, TattleTale hired Lisa Griffith to handle all its patent matters. TattleTale hired new patent counsel after undergoing a lengthy dispute with its prior patent counsel. Attorney Griffith was provided all six patent files and asked to review the files to make sure there were no problems with the patents.

16. Attorney Griffith was patent counsel for TattleTale for approximately one year, during which she took steps to remedy problems with the patents created by the company's former patent counsel. The Griffith defendants were undeniably on notice of problems with the patents which threatened TattleTale's ownership of the patents. Despite possessing the patent files and allegedly reviewing them, the Griffith defendants never advised TattleTale that the maintenance fee had not been paid on the 180 Patent.

17. In May, 2004, TattleTale elected to hire defendant Calfee, Halter & Griswold as its patent counsel. TattleTale terminated its relationship with the Griffith defendants due to the logistical differences associated with the company's lawyer being located more than 2000 miles away.

18. In May, 2004, defendant Calfee assigned three attorneys -- Thomas O'Connor, Jr., Robert Lech and Joan Drew -- to monitor TattleTale's patents. Before agreeing to hire Calfee, TattleTale requested that the Calfee lawyers review all six patent files and make sure

there were no further problems with the patents. The Calfee defendants copied TattleTale's patent files and returned the originals to TattleTale on June 4, 2004.

19. Remarkably, TattleTale learned that a maintenance fee had not been paid on one of its other patents. On July 2, 2004, the Calfee defendants filed a Petition to Accept Unintentionally Delayed Payment of Maintenance Fee for a TattleTale patent thereby reviewing TattleTale's ownership of the patent. Calfee, however, either did not check the 180 Patent to make sure the maintenance fee had been paid or did not disclose to TattleTale the very serious problem that existed with the 180 Patent.

20. The Calfee defendants served as TattleTale's patent counsel from May, 2004 until September 6, 2005. At no time during the period May through December, 2004 did the Calfee defendants advise TattleTale that there were any problems with the 180 Patent or that the maintenance fee had not been paid. Had any of the defendants advised plaintiff before December 2004 that the maintenance fee on the 180 Patent had not been paid, the 180 Patent could have been saved by the mere filing of an application demonstrating that the failure to pay the maintenance fee was unintentional.

21. On August 10, 2005, Calfee for the first time informed TattleTale that the maintenance fee for the 180 Patent had not been paid. This is the date TattleTale discovered the malpractice. The Calfee defendants had waited more than a year to inform TattleTale of any problem with this patent. TattleTale's attorney-client relationship with Calfee ended on September 6, 2005.

22. Although TattleTale has attempted to revive the 180 Patent based on the unavoidable standard, it is a near certainty that the PTO will reject this argument. The loss of the 180 Patent has caused considerable harm to TattleTale and substantial money damages, including a multi-million dollar contract with one of TattleTale's customers.

## COUNT ONE – PROFESSIONAL NEGLIGENCE

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the Complaint as if fully restated herein.

24. At all times relevant, defendants had a duty to act in accordance with the standard of care to which attorneys, including those practicing patent law, are held.

25. Defendants' acts and omissions while representing plaintiff violated and fell below the applicable standard of care in the legal profession.

26. As a direct and proximate result of defendants' malpractice, plaintiff has been damaged in an amount to be determined at trial.

## COUNT TWO – RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of the Complaint as if fully restated herein.

28. At all times relevant hereto, defendants O'Connor, Lech, Drew, John and Jane Doe and Lisa Griffith were acting in the course and scope of their respective partnerships, employment and/or agencies with their law firms and were partners, employees and/or agents of their firms.

29. As partners, employees and/or agents, defendants' wrongful conduct as set forth herein is deemed to be the conduct of defendants Calfee and Griffith.

30. Accordingly, Calfee and Griffith are liable for the unlawful acts or omissions of their partners, employees and/or agents.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award plaintiff compensatory damages in excess of $75,000.00;

(b) Award plaintiff its reasonable attorneys fees and costs; and

(c) Grant such further relief as may be just and proper.

Respectfully submitted,

_____
Rex H. Elliott (0054054)
Charles H. Cooper, Jr. (0037295)
Adam P. Richards (0083553)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorneys for Plaintiff
TattleTale Portable Alarm Systems, Inc.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____