IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TATTLETALE PORTABLE
ALARM SYSTEMS, INC.,

        Plaintiff,

v.

CALFEE, HALTER & GRISWOLD
LLP, et al.,

        Defendants.

Case No. 2:10-CV-226
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Lisa Griffith and the Griffith Law Firm's Motion to Dismiss (Doc. 12). For the reasons set forth herein, the motion is **DENIED**.

### I.

This is an action for legal malpractice. Plaintiff TattleTale Portable Alarm Systems, Inc. ("Plaintiff") alleges that its legal counsel negligently failed to advise it of applicable patent maintenance fee deadlines, resulting in the loss of a valuable patent. Defendants to this action include the law firm of Calfee, Halter & Griswold LLP ("Calfee"), several of that firm's partners and employees, and attorney Lisa Griffith and her law firm (collectively "Griffith"). Plaintiff retained Griffith to represent it in patent matters from early 2003 until May 2004, at which time Griffith was replaced by Calfee because of geographic considerations. (Compl. ¶¶ 15–17.) According to Plaintiff, despite reviewing its patent files, Griffith failed to advise it of the impending fee problem with the patent at issue in this litigation. (Compl. ¶ 16.)

Plaintiff claims to have first discovered the malpractice on August 10, 2005, the date on which Calfee advised it of the lapsed fee. (Compl. ¶ 21.) Plaintiff initially brought its claims for legal malpractice in the Franklin County Court of Common Pleas in August 2006. (Doc. 12 at 2.) However, on July 23 2008, that Court dismissed the case on the grounds that exclusive jurisdiction to adjudicate the dispute rested with the federal courts. (Doc. 12 at 2.) The Franklin County Court's decision was affirmed by an Ohio appeals court on March 26, 2009, (Compl. at 2), and Plaintiff subsequently filed the instant action on March 16, 2010. Griffith now moves to dismiss pursuant to Rule 12(b)(6) on the ground that the present action was not filed within the applicable limitations period.

## II.

A Rule 12(b)(6) motion requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III.

Under Ohio law, professional malpractice claims are subject to a one year statute of limitations. *See* OHIO REV. CODE § 2305.11. Pursuant to § 2305.19 of the Ohio Revised Code:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon

2

> the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

*Id.* § 2305.19(A). Plaintiff asserts that this action falls within the savings provision of § 2305.19(A) as Plaintiff had timely commenced or attempted to commence the action in state court, the action failed "otherwise than upon the merits," and the instant action was filed within one year of the decision of the state appeals court affirming dismissal for lack of jurisdiction. Griffith contends, however, that the savings provision of § 2305.19(A) does not apply as this case was never properly commenced in the state court because of the lack of jurisdiction. Griffith further contends that, because the state court clearly lacked subject matter jurisdiction, the one year limitations period was not tolled by the filing of the action in state court. As explained *infra*, Griffith's position is without merit.

In the Court's view, the issues presented by Griffith's motion are squarely within the terms of § 2305.19(A). The one year period for re-filing allowed by § 2305.19(A) begins to run upon final decision by an appellate court. *See Harris v. United States*, 422 F.3d 322, 332 (6th Cir. 2005). The decision of the Tenth District Court of Appeals affirming the Franklin County Court of Common Pleas' decision was issued on March 26, 2009. *See TattleTale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 08AP-693, 2009 WL 790314 (Ohio Ct. App. Mar. 26, 2009). Plaintiff filed the instant action within one year of that date. Furthermore, involuntary dismissals for lack of subject matter jurisdiction are deemed failures "otherwise than upon the merits." *See Kinney v. Ohio Dep't of Admin. Servs.*, 507 N.E.2d 402, 404 (Ohio Ct. App. 1986) ("A dismissal for lack of subject matter jurisdiction is 'otherwise than upon the merits' for purposes of R.C. 2305.19.") And finally, an action involuntarily dismissed for lack of subject matter jurisdiction is nonetheless an action that is properly "commenced" for purposes of

3

§ 2305.19(A), despite the fact that the original court lacked authority over the matter. *See Wasyk v. Trent*, 191 N.E.2d 58, 59 (Ohio 1963) (syllabus of the Court).

Over one-hundred years ago, in *Pittsburg, Cincinnati, Chicago & St. Louis Railway Co. v. Bemis*, 59 N.E. 745 (Ohio 1901), the Supreme Court of Ohio recognized a possible exception to the savings statute in situations where the failure to initially file an action in the proper court can be "regarded as negligence, laches, or a want of good faith." *Id.* at 746. Similarly, in the context of a Title VII suit, the Six Circuit has stated that, "as a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations." *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980). Griffith essentially contends that, because the law is clear that the federal courts have exclusive jurisdiction over malpractice claims indirectly related to issues of patent law, Plaintiff should not now be permitted to rely on § 2305.19(A) or principals of equitable tolling to bring this suit in federal court beyond the limitations period. That argument assumes, however, that exclusive federal jurisdiction over such claims is straightforward. It is not.

Original, exclusive jurisdiction over patent matters is conferred to the United States district courts by 28 U.S.C. § 1338, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338(a). The Supreme Court has ruled that jurisdiction pursuant to § 1338 extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-

4

pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). This test mirrors that for determining federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See id.* at 808.

The *Christianson* standard is far from a bright-line or categorical test, and necessarily requires an inquiry into whether a "substantial question" of patent law is implicated. Further, the various courts that have applied *Christianson* in the context of malpractice claims have reached different conclusions, based on the facts and circumstances of the individual controversies before them, as to whether exclusive original jurisdiction should vest in the district courts for such claims. For instance, in a series of decisions, the Court of Appeals for the Federal Circuit has found exclusive federal jurisdiction to exist in various circumstances where malpractice claims related to patent law have arisen. *See, e.g., Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1360–62 (Fed. Cir. 2010) (jurisdiction in federal court where malpractice claims arising from alleged failure to timely file patent applications pursuant to the Patent Cooperation Treaty and alleged negligence in filing patent applications with the United States Patent and Trademark Office required proof that plaintiff would have obtained patent protection but for attorney's malpractice); *Immunocept, L.L.C. v. Fulbright & Jaworski, L.L.P.*, 504 F.3d 1281, 1285–86 (Fed. Cir. 2007) (jurisdiction in federal court where malpractice claim alleged that drafting error limited the scope of patent protection); *Air Measurement Techs., Inc. v. Akin Gump Straus Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1269 (Fed. Cir. 2007) (jurisdiction in district court in malpractice action where success on malpractice claim required proof of patent infringement). On the other hand, the Supreme Court of Nebraska has found jurisdiction in Nebraska state courts in a situation similar to that at issue in the present case. *See New Tek Mfg., Inc. v. Beehner*, 751 N.W.2d 135, 144 (Neb. 2008) (malpractice action involving the lapse of patents found to be

5

within state court jurisdiction); *New Tek Mfg., Inc. v. Beehner*, 702 N.W.2d 336, 270–72 (Neb. 2005) (same). This Court has identified at least one district court case that reaches a similar holding. *See Roof Technical Servs. v. Hill*, 679 F. Supp. 2d 749, 754 (N.D. Tex. 2010) (no subject matter jurisdiction in district court where issue of patent law was "merely floating on the periphery").

Significantly, the Court also notes that the earliest of the Federal Circuit cases cited above, *Air Measurement Technologies* and *Immunocept*, were not issued until October 2007, more than a year after this action was first filed in the Ohio court. In the *Air Measurement Technologies* case, the Federal Circuit characterized the jurisdictional question it confronted as "an issue of first impression in this court." *Id.* at 1267. The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over patent matters. *See* 28 U.S.C. § 1295(a)(1). Thus, the question of whether jurisdiction over malpractice suits implicating issues of patent law belongs exclusively to the federal courts cannot be said to have been settled at the time when Plaintiff originally filed the state court action in this case.

The Tenth District Court of Appeals noted that the Federal Circuit had not precisely addressed the issue raised on appeal. *See TattleTale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 08AP-693, 2009 WL 790314, at *4 (Ohio Ct. App. Mar. 26, 2009) ("we are not aware of, nor were we provided with, any case directly on point"). However, according to the Court, "[w]hile *Immunocept* noted that claims for patent infringement, comparison of patent applications, and patent scope, involve a substantial question of federal patent law and confer Section 1338 jurisdiction, it did not hold, despite appellant's assertion to the contrary, that these are the only claims that confer such jurisdiction." *Id.* In upholding the Common Pleas Court's dismissal of the state action, the Ohio Court of Appeals ultimately decided that

6

Plaintiff's malpractice claim involved issues of whether the patent at issue actually had lapsed, and whether reinstatement of the patent should have been sought. *See id.* In addition, the claims implicated the scope of the patent in question, which would impact the amount of damages. *See id.* Consideration of these issues involves resolution of substantial questions of federal patent law. *See id.* at *5.

Plaintiff filed this action in state court before the Court of Appeals for the Federal Circuit had first considered the implication for malpractice claims of 28 U.S.C. § 1338(a)'s grant of exclusive jurisdiction to the federal courts over matters concerning substantial issues of patent law. Moreover, the *Christianson* test inherently requires a case by case factual inquiry. Accordingly, this case is not one where the narrow exception to § 2305.19(A) of the Ohio Revised Code identified in *Pittsburg, Cincinnati, Chicago & St. Louis Railway Company* would apply. This action was thus timely filed in this Court.

## IV.

For the forgoing reasons, Griffith's Motion to Dismiss (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**

2-14-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7