UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TATTLETALE PORTABLE ALARM
SYSTEMS, INC.,

      Plaintiff,

                                     Case No. 2:10-cv-226
  v.                                JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Terence P. Kemp

CALFEE, HALTER & GRISWOLD LLP, et al.,

      Defendants.

### OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the August 30, 2011 Opinion and Order (Doc. No. 83), and Plaintiff's Supplemental Objection to the Magistrate Judge Opinion and Order (Doc. No. 84). In the Opinion and Order at issue here, the Magistrate Judge granted Defendants' motion to compel production of a particular time line that was created by Plaintiff's counsel. (Doc. No. 82.) The time line at issue came to Defendants' attention when Plaintiff TattleTale's President and Chief Executive Officer ("CEO") reviewed it before his deposition. This Court must "apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A)." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).

Plaintiff contends, *inter alia*, that if the Magistrate Judge had reviewed *in camera* the time line, he would not have compelled its production. *See Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 451 (W.D. Mich. 1989) (discussing *in camera* review before requiring disclosure of documents claimed to be work product). Because this Court had the benefit of reviewing *in camera* the time line at issue, it agrees with Plaintiff's assessment of the document:

[The time line] was created by listing dates in this action, culled primarily from documents produced in this action and therefore available to Calfee. It is not just a list of dates, however. It is a list of dates specifically chosen by plaintiff's counsel as being significant, along with a description of the significance of each date and related documents, also as determined by plaintiff's counsel. Because this document directly reflects the opinion of plaintiff's counsel, it is not subject to disclosure.

(Doc. No. 83 at 3.) The Court concludes that the time line at issue constitutes Plaintiff's attorneys' work product and is, therefore, privileged and not subject to production. *Tenn. Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp.*, 293 F.3d 289, 294 (6th Cir. 2002) ("The doctrine is designed to allow an attorney to 'assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference . . . to promote justice and to protect [his] clients' interests.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)). The use of the time line to refresh the memory of Plaintiff's President and CEO did not waive that privilege. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) (work-product protection is waived by voluntary disclosure to third parties).

Accordingly, the Court **SUSTAINS** Plaintiff's Objections (Doc. Nos. 83, 84.) The Clerk is **DIRECTED** to remove these two motions from the Court's pending motions list.

**IT IS SO ORDERED.**

6-7-2012
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**